IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 20-cv-03678-PAB-SKC

ELIJAH MCKNIGHT,

    Plaintiff,

v.

SHERIFF TYLER BROWN, in his official capacity;
DEPUTY JUSTIN YANTISS, individually and in his official capacity;
DEPUTY ANDREW DeVRIES, individually and in his official capacity;
MARSHALL CLOUD, individually and in his official capacity;
NICK NATALI, individually and in his official capacity;
STEPHEN MONROE, individually and in his official capacity;
SOUTH METRO FIRE RESCUE,

    Defendants.

## ORDER RE: MOTION TO STAY [#32]

Plaintiff Elijah McKnight brings this 42 U.S.C. § 1983 action based on his encounter with the Arapahoe County Sheriff and South Metro Fire Rescue Defendants, which resulted in Plaintiff being injected with 500mg of Ketamine. [#24.] Defendants have moved to dismiss the claims against them, and the Individual Defendants have asserted the qualified immunity defense. [#27 and #30.] Based on this defense, Defendants seek a complete stay of discovery pending the outcome of their Motions. [#32.] The Court has reviewed the Motion, related briefing, and relevant law. No hearing is necessary. For the following reasons, the Motion to Stay

1

is DENIED.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The decision to issue a protective order and thereby stay discovery is within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). But stays are the exception in this judicial district, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Thus, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Upon a showing of good cause, a protective order is appropriate to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts consider the propriety of a stay by balancing five factors: (1) Plaintiff's interests in proceeding expeditiously and the potential prejudice to Plaintiff of a delay; (2) the burden on the Defendants if no stay is issued; (3) the convenience to the court; (4) the interests of non-parties; and, (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

## DISCUSSION

Defendants base their request primarily upon their assertion of qualified immunity. The Tenth Circuit has explained that because "[q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation," pretrial matters such as discovery should "be avoided if possible." *Martin v. County of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (emphasis in original)). But asserting a qualified immunity defense is not necessarily "a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). "There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals." *Estate of McClain by and through McClain v. City of Aurora, Colorado*, No. 20-cv-2389-DDD-NRN, 2021 WL 307505, at *2 (D. Colo. Jan. 29, 2021).

In addition, "in some circumstances discovery should proceed 'to elicit facts pertinent to the defense.'" *Est. of Ronquillo by & through Sanchez v. City & Cty. of Denver*, No. 16-CV-01664-CMA-NYW, 2016 WL 10842586, at *4 (D. Colo. Nov. 14, 2016) (quoting *Rome v. Romero*, 224 F.R.D. 640, 643). *See also Currier v. Doran*, 242 F.3d 905, 914 (10th Cir. 2001) (although qualified immunity protects public officials "from the costs associated with defending against lawsuits, particularly baseless ones, it d[oes] not follow that a defendant's claim of qualified immunity c[an] always

3

be resolved before at least some discovery [is] conducted"). The Court does not make any factual findings in the context of determining the Motion to Stay. But it is clear from even a cursory review of the briefing on the Motions to Dismiss that there is potential for disputed facts as to how the night's events unfolded and whether the Individual Defendants acted reasonably. This militates against a stay of discovery.

The Court also concludes, on balance, the *String Cheese* factors support proceeding with discovery. Plaintiff has an undeniably strong interest in proceeding through discovery. "Like the government official who rightfully invokes the defense of qualified immunity, a private citizen is entitled to claim the timely protection of the law." *Sanchez v. Hartley*, No. 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016). This case is entering its eighth month, and the incident at issue took place two years ago. The briefing regarding the Motions to Dismiss has only recently been completed, and a ruling on those motions will take some time for Chief Judge Philip A. Brimmer to complete. The Plaintiff in this case spent three days unconscious and required machine assistance to help him breathe. He is deserving of answers regarding why this happened and whether anyone is to be held responsible.

The Court also concludes any burden on Defendants does not outweigh Plaintiff's interest in proceeding expeditiously. Defendants contend they will face undue burden if forced to proceed with discovery but offer no explanation of that burden beyond the case law generally discussing qualified immunity. And although

4

they seek dismissal of the claims, the entity defendants are not entitled to the protections afforded by qualified immunity. Furthermore, Defendant Cloud, who allegedly injected Plaintiff with Ketamine, filed a partial answer in this case and discovery will continue with respect to the answered claims. Given the allegations of the night's events, it is likely at least some of the other Individual Defendants would be deposed regarding Cloud's liability. Any additional questions as to their own potential liability would be minimal. *Estate of McClain*, 2021 WL 307505, at *4.

Third, the Court must consider its own convenience. Ill-advised stays can inconvenience the court by making the "docket less predictable and, hence, less manageable." *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010). However, a stay allows the Court to avoid expending resources when a pending motion may dispose of an action in its entirety. *Id*. As noted above, Defendant Cloud has filed a partial answer to the claims against him. Therefore, even if the Motions to Dismiss are granted, the Plaintiff's case will continue, at least in part, and the Court will inevitably expend judicial resources on this matter. The interests of judicial economy weigh against a stay.

Finally, although Defendants are dismissive of the "lofty" public interest in the prompt and efficient handling of litigation, they do not address Plaintiff's argument regarding the public's interest in the use of Ketamine by first responders. The Court takes judicial notice of the local and national attention this issue has garnered. To be sure, this is not the only case in this district (involving the use of Ketamine) to arise

during the week of August 18, 2019. The case of *Estate of McClain by and through McClain v. City of Aurora, Colorado*, involves a similar fact pattern, albeit with the City of Aurora Police Department.[1] This Court agrees with Magistrate Judge N. Reid Neurieter that, "it is not in the interest of the public or in the interest of justice to 'put on the back burner' discovery in a case that raises significant questions about [Arapahoe County's] policing and paramedic practices." *Estate of McClain*, 2021 WL 307505, at *4.

To the extent Defendants have particularized concerns regarding burdens from a specific discovery request, this Court will address such arguments at that time and pursuant to its practice standards regarding discovery disputes.

***

For the foregoing reasons, Defendants' Motion to Stay is DENIED.

DATED:   August 10, 2021

BY THE COURT

S. Kato Crews
U.S. Magistrate Judge

---

[1] The City of Aurora is in Arapahoe, Adams, and Douglas Counties, Colorado.

6